# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:20-CR-677 |
| MAURO OSTILLO DOMINGUEZ-MALDONADO, | § § | |
| Defendant. | § § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Richard W. Bennett, Assistant United States Attorney, and the defendant, Mauro Ostillo Dominguez-Maldonado ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with Conspiracy to Harbor Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i), is imprisonment of not more than ten years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after

imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. Further, under the Justice for Victims of Trafficking Act of 2015, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under, *inter alia*, section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 19 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to alien smuggling. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

    (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

    (d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

    (e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

    (f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

7. Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further

understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**Waiver of Appeal and Collateral Review**

9. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

10. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

11. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

12. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c) That the defendant receive an additional two-point downward departure for cooperation, pursuant to U.S.S.G. Section 5K3.1, for allowing early release of material witnesses

6

## Agreement Binding - Southern District of Texas Only

13. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

14. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

15. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

16. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

17. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On December 4, 2020, the Houston Police Department (HPD) responded to the area of 4846 Raven Ridge Drive in Houston, in connection with a suspected human smuggling event in progress. Officers responded and found an illegal alien, who had just fled from the Raven Ridge residence where he stated approximately 25-30 other individuals were being held. Officers went to the residence and, upon approach, saw a dark colored vehicle enter the garage and observed a male subject quickly exit the driver-side door and enter the residence through the door in the garage.

HPD officers made entry into the residence and subsequently discovered 30 individuals inside. HSI was contacted, arrived at the scene, and determined that all individuals discovered in the residence were unlawfully present in the United States. One of the aliens identified the Defendant, Mauro Ostillo Dominguez-Maldonado, as a care-taker for the smuggled aliens. Specifically, he stated he saw two brothers and two females guarding the house and that the Defendant was one of the two brothers who had also picked him up on the highway while en route to Houston. Agents photographed the residence and noted that throughout the house, the windows were boarded up and one room had a deadbolt on the door, facing outside to prevent the aliens from escaping. Agents found "pollo logs," or ledgers used to record smuggled aliens brought to the stash house. Nineteen names of the thirty individuals discovered in the residence were found on these ledgers.

The material witnesses all stated they entered the United States illegally and were taken to the Raven Ridge Dr. stash house in Houston. The other aliens identified the Defendant as one of the guards of the other smuggled aliens in the residence. Specifically, one of the material witnesses identified the Defendant as one who took his clothes and told him to write his name on his cell phone before taking it away. Another material witness identified the Defendant as being in communication with the person in charge of the stash house.

In a post-arrest statement, the Defendant admitted that he knew that money was kept in the stash house and assisted with financial transactions on behalf of the other unidentified caretaker nicknamed "Fresa." He admitted he was trusted to drive "Fresa's" vehicle to and from the stash house in order to pick up food items. He stated that he was working to pay off his smuggling debt.

Accordingly, the defendant knowingly conspired with others to conceal and harbor these aliens within the United States, knowing and in reckless disregard of the fact that these aliens entered and remained in the United States in violation of law.

**Breach of Plea Agreement**

18. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

19. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

20. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the

United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

21. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

22. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

23. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

24. Defendant agrees to forfeit all property that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense

charged in Count One of the Indictment, all conveyances used in the commission of the offense, and all property that was used to facilitate, or was intended to be used to facilitate, the commission of the offense charged in Count One of the Indictment.

25. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

26. Defendant consents to an order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

27. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

28. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

29. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the

United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

30. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __August 16__, 2021.

__Mauro Dominguez__
Defendant

Subscribed and sworn to before me on __August 16__, 20_1_.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: __Rhonda S. Hawkins__
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
Acting United States Attorney

By: __Richard W. Bennett__
Richard W. Bennett
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9540
Facsimile: 713-718-3303
richard.bennett@usdoj.gov

Ruben Pena, Esq.
Attorney for Defendant

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:20-CR-677 |
| MAURO OSTILLO DOMINGUEZ-MALDONADO,<br>Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    _8/16/21_____
Ruben Pena, Esq.                Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_Mauro Dominguez_  
Mauro Ostillo Dominguez-Maldonado  
Defendant

Date: 8/16/21